UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    **NOT FOR PUBLICATION**

NEIL MARSHALL,

      Plaintiff,      **MEMORANDUM AND ORDER**

 -against-          16-CV-5715 (PKC) (LB)

DETECTIVE REYES and CHARLES NIEVES,

      Defendants.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

  Plaintiff Neil Marshall filed this *pro se* action pursuant to 42 U.S.C. § 1983 on September 17, 2016. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915 for purposes of this Order, but, for the reasons discussed below, this action is hereby dismissed *sua sponte*.

## BACKGROUND[1]

  At some point prior to June 30, 2015, Plaintiff was arrested by law enforcement authorities and charged with burglary. (Dkt. 1 at 4.)[2] Plaintiff was released on a bond posted by Vanguard Bail Bonds ("Vanguard"). (*Id.*) Thereafter, Plaintiff missed his sentencing date. (*Id.*) Vanguard sent bounty hunters to find him, and they "went around showing [Plaintiff's] picture" to friends, family, and strangers, saying that he had "raped a little girl in Harlem NY," an assertion that

---

[1] The following facts are taken from the Complaint and are assumed to be true for purposes of this Order. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (at the pleading stage of the proceeding, court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[2] The Complaint does not specify when, where, or by whom Plaintiff was arrested; it only alleges that the events at issue, *i.e.*, Defendants' actions as "bail bond officer[s]/bounty hunter[s]", began on June 30, 2015. (*Id.* at 3.)

Plaintiff denies. (*Id.*) As a result of this "degrading remark," Plaintiff's friends and family neglected, judged, and shamed him. (*Id.*) He also "got into fights" in county jail "for the stuff that was said about [him]." (*Id.*) Plaintiff alleges that, as a result of these remarks, he has suffered physical and mental harm, that his mother and his child have been threatened, and that he is unable to return to his neighborhood. (*Id*. at 4–5).

Plaintiff names as Defendants Detective Reyes and Charles Nieves, whom he identifies as bail bond officers/bounty hunters working for Vanguard. He requests unspecified relief for defamation of character.

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

**DISCUSSION**

Claims for violations of constitutional rights are cognizable under 42 U.S.C. § 1983, which provides procedures for redressing deprivations of civil rights. In order to maintain a civil rights action under Section 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

The instant Complaint fails to state a claim under Section 1983. Plaintiff has not alleged that Defendants violated his constitutional rights in the course of detaining him, and has not asserted any other claim under the Fourth Amendment. Instead, he alleges that Defendants defamed him by spreading a story that he was a suspect in a rape investigation. Defamation, while actionable under State law, does not normally invoke a constitutional right protected by Section 1983. "[U]nder limited circumstances, federal constitutional relief is available for defamation committed by government officials . . . when that plaintiff can demonstrate a stigmatizing statement *plus* a deprivation of a tangible interest." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (emphasis added) (internal quotation marks and citations omitted). Stigma alone is not enough. *See Paul v. Davis,* 424 U.S. 693, 708–12 (1976) (finding that a defamatory statement that the plaintiff was a shoplifter may have caused reputational harm, but did not deny any right previously conferred by the State, and thus was not protected under the Fourteenth Amendment). "To establish a 'stigma plus' claim, a plaintiff must show (1) the utterance of a statement sufficiently

derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Vega*, 596 F.3d at 81 (quoting *Sadallah v. City of Utica,* 383 F.3d 34, 38 (2d Cir. 2004) (internal citations and quotation marks omitted)).

In this case, Plaintiff has alleged that the defamatory statements stigmatized him, in that he was neglected, judged, and shamed by his friends and family and got into fights at the county jail. However, he has not alleged any change in his status or other deprivation of any property or liberty interest *imposed by the State*. Thus, Plaintiff has not established "stigma plus" that would convert his allegations of defamation into a constitutional claim. Accordingly, all civil rights claims against Defendants Reyes and Nieves must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Order. For the foregoing reasons, all of Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because of Plaintiff's *pro se* status, the Court permits Plaintiff thirty (30) days to file an amended complaint. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (court should generally not dismiss a *pro se* complaint without granting plaintiff leave to amend if a valid claim could be stated). If Plaintiff elects to file an amended complaint,

---

[4] Additionally, it is not clear that the two named Defendants, who appear to be private bail bondsmen working for a private company, are State actors for the purposes of assessing Section 1983 liability. The Second Circuit has not yet decided whether bail bond enforcement agents should be considered State actors for such purposes. *See Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2015 WL 5657361, at *7-8 (E.D.N.Y. Sept. 23, 2015). Most circuits that have addressed the issue have declined to find State action when bail bondsmen have not enlisted the assistance of law enforcement officers in arresting their principals. *See id.* (collecting and analyzing cases). Plaintiff has not alleged that Defendants Reyes and Nieves did so, nor even that they arrested him at all. *But see Jackson v. Pantazes*, 810 F.2d 426, 430 (4th Cir. 1987) (holding that the conduct of bail bondsmen is categorically State action).

he must allege facts regarding a change in status or other deprivation of any property or liberty interest imposed by the *State*. The amended complaint must be captioned "AMENDED COMPLAINT" and bear the docket number 16-CV-5715 (PKC) (LB). If filed, the amended complaint shall replace the original complaint. All further proceedings shall be stayed for thirty (30) days or until Plaintiff has complied with this order. If Plaintiff fails to comply with this order within the time allowed, this action will be dismissed without prejudice. If Plaintiff files an amended complaint, it shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 8, 2016
      Brooklyn, New York